UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cr-109 |
| | ) | Judge Edgar |
| | ) | |
| ERNEST WOODRUFF | ) | |

### MEMORANDUM AND ORDER

There are two motions before the Court.

**I.   Motion For Relief Under Fed. R. Crim. P. 52(b):  Restitution Payment Schedule**

On July 30, 2008, federal prisoner Ernest Woodruff made a *pro se* motion to amend or modify the order of fine and restitution in his final judgment of conviction and sentence. [Doc. No. 21]. Woodruff seeks to invoke this Court's jurisdiction by relying on the plain error rule in Rule 52(b) of the Federal Rules of Criminal Procedure. Woodruff contends that this Court improperly delegated to the United States Bureau of Prisons (BOP) the authority to determine and establish the payment schedule for Woodruff to pay a fine and restitution. After reviewing the record, the Court concludes the motion will be **DENIED** as frivolous.

The record establishes the following facts. On February 13, 2006, this Court imposed sentence on Woodruff. The judgment of conviction was entered on February 17, 2006. [Doc. No. 18]. Woodruff did not take a direct appeal to the Sixth Circuit Court of Appeals.

After taking into consideration his financial circumstances and lack of ability to pay monetary penalties, this Court waived the imposition of a fine. This Court did not sentence Woodruff to pay a fine.

The Court ordered Woodruff to pay mandatory restitution in the total amount of $201,022. When

1

this Court sentenced Woodruff, it followed and complied with the law in the Sixth Circuit governing restitution payments including *United States v. Davis*, 306 F.3d 398 (6th Cir. 2002). Pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663 - 3664, the Court ordered that Woodruff make a single, lump-sum payment of restitution in the amount of $201,022 due immediately.

The order of restitution and the payment schedule established by the Court – a single, lump-sum payment of restitution due immediately – complied with 18 U.S.C. §§ 3572(d)(1) and 3664(f) of the MVRA based on then-existing Sixth Circuit law. 18 U.S.C. § 3572(d)(1) provides that a person sentenced to pay restitution shall make such payment immediately unless the court provides for payment on a date certain or in installments. 18 U.S.C. § 3664(f)(1)(A) provides: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(B)(2) provides: "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which , the restitution is to be paid ...." 18 U.S.C. § 3664(f)(3)(A) provides that a restitution order may direct the defendant to make a single, lump-sum payment.

When Woodruff was sentenced, this Court did not delegate to BOP the responsibility for determining and establishing the restitution payment schedule. Rather, the Court correctly established the payment schedule by ordering that Woodruff make a single, lump-sum payment of restitution due immediately pursuant to 18 U.S.C. §§ 3572(d)(1), 3664(f)(1)(A), and 3664(f)(3)(A). On page 7 of the judgment of conviction, this Court also set forth special instructions establishing a specific restitution payment schedule to be implemented while Woodruff is imprisoned and in the custody of BOP. Woodruff's allegations to the contrary are without merit. The Court's special instructions on page 7 of the judgment of conviction which

2

establish a definite restitution payment schedule completely refute the frivolous allegations made by Woodruff in his instant motion. [Doc. No. 21].

Woodruff made a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. For administrative and statistical purposes, the 28 U.S.C. § 2255 proceeding was assigned civil Case No. 1:07-cv-41. On May 23, 2007, this Court denied and dismissed the § 2255 motion with prejudice. Woodruff did not take a timely appeal from the denial of his § 2255 motion to the Sixth Circuit Court of Appeals.

In an effort to obtain collateral post-conviction relief outside the context of a 28 U.S.C. § 2255 proceeding, Woodruff brings his instant *pro se* motion to amend and modify the restitution portion of his judgment of conviction and sentence. [Doc. No. 21]. In a futile search to find some basis for invoking this Court's jurisdiction and obtaining such post-conviction review, Woodruff brings this motion solely pursuant to Fed. R. Crim. P. 52(b) which provides: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Woodruff argues that this Court should exercise jurisdiction to amend and modify the final judgment of conviction and sentence of restitution based on the plain error rule in Rule 52(b).

The gist of the motion is that Woodruff wants the Court utilize the plain error rule in Rule 52(b) to reconsider, modify, and amend the final judgment of conviction and sentence. Woodruff contends that the judgment ordered him to immediately pay restitution. Woodruff argues that since he was indigent and financially unable to immediately pay restitution at the time of sentencing, this Court improperly delegated to BOP the authority and responsibility to determine and establish a restitution payment schedule. In making these allegations, Woodruff ignores and overlooks this Court's special instructions on page 7 of the judgment of conviction that establish a specific restitution payment schedule to be implemented while Woodruff is imprisoned and in the custody of BOP.

3

On the last page of his motion, Woodruff states that he moves the Court "to correct the error in his sentence, i.e. the fine portion of same, either by **remanding** Movant back to this Court to set the timing and amount to be paid toward the fine, or in the alternative, to issue and (sic) Order that the fine is to be paid during the course of supervised release." (Emphasis supplied). However, the record shows that the Court waived the imposition of a fine and Woodruff was not sentenced to pay a criminal fine. When Woodruff talks about a "fine," the Court liberally construes and interprets this to mean that Woodruff is actually referring to restitution.

Woodruff's incorrect use the term "remand" is worth noting. This District Court has no authority to "remand" a criminal case to itself. Only the Sixth Circuit Court of Appeals can remand a criminal case to this District Court. This Court cannot reopen and reconsider Woodruff's closed criminal case and final judgment of conviction by way of the procedural avenue of a "remand." Woodruff obviously derives the term "remand" from some of the caselaw he cites in his motion where federal courts of appeal, when reviewing criminal cases on direct appeal from a judgment of conviction, decided to remand the cases to the lower district courts for resentencing. Woodruff is confused and misunderstands the critical distinction between direct review on appeal in the courts of appeal and motions for collateral post-conviction relief brought in the district courts. The various cases cited by Woodruff in his motion that involve criminal cases on direct appeal from a judgment of conviction where the federal courts of appeal had jurisdiction to remand for resentencing are inapposite in Woodruff's case here. Woodruff's case is not in the same posture of being on direct appeal from his judgment of conviction.

The Court concludes that Woodruff's motion to reconsider, amend, and modify the final judgment of conviction and sentence with regard to the restitution payment schedule fails and must be denied for three reasons. First, Woodruff is not entitled to any collateral post-conviction relief based on the plain error rule

4

in Fed. R. Crim. P. 52(b) because it does not apply here. The plain error rule in Fed. R. Crim. P. 52(b) is intended for use by federal courts on direct appeal, and it is not applicable in collateral post-conviction proceedings. *United States v. Frady*, 456 U.S. 152, 163-66 (1982). This is a closed criminal case and Woodruff's case is not presently under judicial review on direct appeal. Woodruff's reliance on the Rule 52(b) plain error rule is misplaced. Woodruff does not cite, and this Court is not aware of any federal statute, federal rule of procedure, or precedent that would authorize the Court to grant post-conviction relief to Woodruff based on plain error rule in Fed. R. Crim. P. 52(b).

Second, this Court lacks jurisdiction to award the post-conviction relief demanded by Woodruff. Without any constitutional, statutory or other valid jurisdictional basis, Woodruff improperly seeks to utilize Fed. R. Crim. P. 52(b) to establish that this Court has jurisdiction to reconsider, amend, and modify his final judgment of conviction and sentence. This he cannot do. Rule 52(b) itself does not give this District Court any jurisdiction to grant the post-conviction relief that Woodruff wants. Fed. R. Crim. P. 52(b) does not authorize the Court to exercise jurisdiction to reconsider, amend, and modify the final judgment of conviction and sentence of restitution.

Third, even if we assume *arguendo* that this Court somehow has jurisdiction and authority to consider granting the particular collateral post-conviction relief that Woodruff now seeks based on the plain error rule in Fed. R. Crim. P. 52(b), there is no factual basis in the record to support Woodruff's motion. Woodruff cannot show that there has been any error, much less a plain error, in his sentence and restitution payment schedule. Woodruff alleges that this Court delegated to BOP the authority to determine and establish the restitution payment schedule. However, the record and the judgment of conviction clearly show that Woodruff's allegations are false and untrue. This Court in the judgment of conviction and sentence determined and established the restitution payment schedule. In sum, this Court did not delegate

to BOP the authority to determine and establish Woodruff's restitution payment schedule. There has not been any error as alleged by Woodruff.

Accordingly, the motion by Woodruff to reconsider, modify, and amend the judgment if conviction and sentence with regard to the restitution payment schedule [Doc. No. 21] is **DENIED**.

II.     **Motion For Transcript of Sentencing Hearing [Doc. No. 22]**

On September 10, 2008, Woodruff made a motion to be furnished with a transcript of his February 13, 2006, sentencing hearing at government expense. [Doc. No. 22]. The motion is deficient in that it does not cite any federal law that authorizes this Court to order the expenditure of government funds to pay for the transcript. Moreover, the motion fails to state a valid reason why it is necessary at this juncture to provide Woodruff with a transcript at public expense. The motion merely contains a vague, conclusory assertion that furnishing Woodruff with the transcript would be "in the interests of justice."

This Court has previously dismissed the 28 U.S.C. § 2255 proceeding. Woodruff does not have a viable motion or action pending before this Court that warrants using government funds to have a transcript of the sentencing hearing prepared for his benefit. The Court infers that Woodruff probably wants a transcript of the sentencing hearing in connection with his motion seeking relief under Fed. R. Crim. P. 52(b) regarding the restitution payment schedule [Doc. No. 21], discussed *supra*. However, the Court has determined that the motion regarding the restitution payment schedule is frivolous, therefore, a transcript of the sentencing hearing is entirely unnecessary and would be a waste of government funds.

Woodruff does not have a right under the United States Constitution and federal statutes to be furnished with a transcript of his sentencing hearing whenever he so desires. Woodruff has not met his burden of showing that there is any good reason and legal authority for the Court to order the expenditure of government funds to furnish him with a transcript of the sentencing hearing. The preparation of the

6

requested transcript would serve no useful purpose and would not assist the Court in adjudicating any motion or action matter presently before the Court.

Accordingly, the motion for transcript at government expense [Doc. No. 22] is **DENIED**. Woodruff may arrange to purchase a transcript from the official court reporter using his own funds.

SO ORDERED.

ENTER this the 24th day of November, 2008.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE